UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSIE SAMUEL RUFUS BENFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-252-PLC |
| ) | |
| ROBERT CORNEJO, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Jessie Benford brings this civil action under 42 U.S.C. § 1983 for alleged violations of his rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1).

This is the fifth civil action that Plaintiff has filed in this Court regarding the same set of general facts. In this case, both of the named defendants and their complained-of actions occurred in Jefferson City, Missouri – located within the jurisdictional boundaries for the United States District Court for the Western District of Missouri. However, because the interests of justice do not mandate transfer to that venue, this action will be dismissed.

**The Civil Complaint**

Plaintiff filed this civil action on March 1, 2023, against three defendants associated with his prior employer, Schneider National: (1) Robert Cornejo; (2) Reid Forrester; and (3) Curtis Chick, Jr. ECF No. 1 at 1-3, 6. All three defendants have addresses in Jefferson City, Missouri, and the allegations of the complaint occurred in that city as well. *Id.* at 2-3, 6.

Plaintiff states that the Court's basis for jurisdiction is federal statute 42 U.S.C. § 1983. *Id.* at 4. Plaintiff alleges that the three defendants "falsely accused [him] of quitting [his] job with Schneider National ... on the date of 2-21-2019." *Id.* at 6. According to Plaintiff, his former supervisor, Jack Filina, claimed that Plaintiff had quit his job with Schneider National. However, on "6-7-2019 in federal court," Filina "confessed to terminating" Plaintiff. Plaintiff asserts that the named defendants "failed to properly investigate" Filina's claim that Plaintiff had quit. As a result of this false accusation of quitting, Plaintiff claims that he has suffered severe emotional and financial distress. He seeks $300,000 in compensatory damages and 5 million in punitive damages. *Id.* at 6.

### Plaintiff's Relevant Litigation History

According to records from this Court, Plaintiff filed an employment discrimination case against Schneider National Carriers, Inc. in March 2019, accusing it of violating Title VII of the Civil Rights Act of 1964. *Benford v. Schneider Nat'l Carriers, Inc.*, No. 4:19-cv-550-MTS (E.D. Mo. 2019). Specifically, Plaintiff alleged that his supervisor, Jack Filina, discriminated against him on the basis of his religion. On July 19, 2021, the Court granted Schneider National Carriers' motion for summary judgment and dismissed the case. The United States Court of Appeals for the Eighth Circuit affirmed the Court's judgment on January 10, 2022. *Benford v. Schneider Nat'l Carriers, Inc.*, No. 21-2717 (8th Cir. 2022).

Apparently in response to the opinion by the Court of Appeals in that matter, Plaintiff filed three new lawsuits in January 2022, all of them based on the same general set of facts—i.e., the circumstances of his departure from Schneider National Carriers. First, Plaintiff sued the United States Court of Appeals for the Eighth Circuit, alleging that it had discriminated against him and slandered him in its ruling. *Benford v. Missouri Ct. of Appeals E. Dist.*, No. 4:22-cv-52-HEA (E.D. Mo. 2022). Relevant here, Plaintiff particularly objected to the statement that he had "quit

[his] job," even though Schneider National Carriers and Jack Filina "admitted to terminating him" in Court on June 18, 2019. The Court dismissed Plaintiff's complaint in January 2022 on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), for frivolousness and failure to state a claim. Plaintiff did not file an appeal. In February 2023, Plaintiff filed a motion for reconsideration of the dismissal, which was denied.

Second, Plaintiff filed suit against the Missouri Division of Employment Security, accusing it of "falsely ruling "in favor of Jack Filina, although Jack Filina confessed to terminating" him. *Benford v. Mo. Div. of Emp. Sec.*, No. 4:22-cv-56-SRW (E.D. Mo. 2022). The Court also dismissed that case on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) in January 2022. Plaintiff did not file an appeal; however, in January 2023, he filed a motion for reconsideration that is still pending.

Third, Plaintiff filed suit against the Labor and Industrial Relations Commission, a division of the Missouri Department of Labor, accusing it of violating Title VII and the First Amendment when it refused to "uphold Missouri state and federal laws regarding slander and discrimination." *Benford v. Lab. & Indus. Rels. Comm.*, No. 4:22-cv-58-SEP (E.D. Mo. 2022). Relevant here, Plaintiff asserted that he "was slandered and discriminated against" by the Commission when it "falsely modified [his] Missouri Division of Employment Claim" to indicate that he "quit [his] job from Schneider National." Plaintiff claimed that he was terminated and that both Schneider National Carriers and Jack Filina "confessed" to this in a motion to dismiss they filed in this Court. Plaintiff alleged the same injuries in that suit that he alleges in this matter – severe emotional and financial distress – and he sought the same amount of damages. The Court dismissed the matter in August 2022, on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's February 2023 motion for reconsideration of that dismissal was denied.

## Discussion

Now Plaintiff is essentially seeking his fifth bite at the proverbial apple. He makes the same claims here that he made in multiple prior lawsuits – he simply names different defendants. In this case, he seeks to hold members of management at Schneider National, located in Jefferson City, Missouri, liable for not reviewing and investigating the actions of their employee, Plaintiff's supervisor.

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

Plaintiff has alleged no basis for venue being proper in this Court. Jefferson City, Missouri is located in Cole County which is within the jurisdictional boundaries of the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 105(b)(4). Plaintiff makes no allegation of any act or omission occurring within the jurisdictional boundaries of this Court, nor does Plaintiff allege that any defendant resides within this district. None of the requirements of § 1391 are present in this case. Accordingly, venue in the Eastern District of Missouri is not proper.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought. In this case, the interests of justice do not mandate transfer. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). The essential elements of a

constitutional claim under § 1983 are that the defendant acted under color of state law, and that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). To that end, only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties). The named defendants in this action are managing employees at a private corporation. There is no evidence or argument that any of the defendants were acting under color of state law in regard to their alleged failure to investigate the terms of Plaintiff's termination.

This Court is not the proper venue for this action. Furthermore, transfer of this action to the proper venue of the United States District Court for the Western District of Missouri is not in the interests of justice because Plaintiff's civil complaint fails to name a defendant suable under 42 U.S.C. § 1983. Because transfer would be pointless, the Court will dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that this action is **DISMISSED for lack of proper venue**. *See* 28 U.S.C. §§ 1391, 1406(a).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 10th day of April, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE